IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMY MICHELLE H. FOX, Individually and as Executrix of the Estate of JAMES MICHAEL HESS, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> ENERGY FUTURE COMPETITIVE HOLDINGS COMPANY LLC, f/k/a Energy Future Holdings Corp. (successor-in-interest to Ebasco Services Inc.), <br><br> Defendant. | § § § § § § § § § § § § § § § § | Case No. _____ <br><br><br> Defendant EECI's Notice of Removal |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, §1441, and §1446, Defendant EECI, Inc., f/k/a ENSERCH E&C, INC., as Successor-in-Interest to Ebasco Services, Inc. ("EECI") by and through its attorneys, HAWKINS PARNELL THACKSTON & YOUNG LLP, files this Notice of Removal based on diversity of citizenship and amount in controversy and would respectfully show the Court as follows:

### I.   INTRODUCTION

1.1   On April 9, 2018, Plaintiff filed Plaintiff's Original Petition and Jury Demand in the matter styled *Amy Michelle H. Fox, Individually and as Executrix of the Estate of James Michael Hess v. Energy Future Competitive Holdings Company LLC, f/k/a Energy Future Holdings Corp. (successor-in-interest to Ebasco Services Inc.)*, Cause No. DC-18-04687, in the 160th Judicial District Court of Dallas County, Texas (the "State Court Action").[1]  In that petition, which is the live petition at the time of this Notice, Plaintiff asserts various personal injury claims against EECI based on injuries allegedly

---

[1] Attached as "Exhibit A"

caused by or arising out of exposure to products or equipment allegedly manufactured, marketed, used, owned, distributed, sold, or specified by EECI.

## II. TIMELINESS OF REMOVAL

2.1  EECI was served with this lawsuit on or about April 11, 2018.  EECI is therefore filing this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).  *See Board of Regents of Univ. of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3.1  Removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §1332(a).  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).

### A. Diversity

3.2  Here, the parties are completely diverse.  Plaintiff Amy Michelle H. Fox[2] is a citizen of North Carolina because that is where she is domiciled.  *See Preston v. Tenet Healthsystem Memorial Med. Center*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

3.3  EECI is a corporation organized and incorporated under the laws of the State of Nevada with its principal place of business in the State of California.  It is therefore a citizen of Nevada and California.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006) ("…under 28

---

[2] While Plaintiff is deemed a citizen of North Carolina, as she is suing on behalf of Decedent who was domiciled in North Carolina, she is also suing in her individual capacity.  However, because Plaintiff is also a North Carolina resident, her individual claims do not affect diversity jurisdiction.

U.S.C. §1332(c)(1), a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business.'")

3.4 As Plaintiff is a North Carolina citizen, and as EECI is a citizen of both Nevada and California, no party is a citizen of Texas. Accordingly, there is complete diversity of citizenship between all plaintiffs and all defendants, rendering removal proper under 28 U.S.C. §1332(a)(1).

### B. Amount in Controversy

3.5 Plaintiff does not specifically allege the amount in controversy in the State Court Action. In such a case, diversity jurisdiction is proper where the defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The amount of controversy is judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Several Fifth Circuit decisions have established a clear analytical framework for resolving disputes concerning the amount in controversy." *Luckett*, 171 F.3d at 298. The requisite showing is accomplished in either of two ways: (1) it is "facially apparent" from the state court petition that the plaintiff's claims likely exceed $75,000; or (2) 'the facts in controversy [as set forth by the defendant in the removal petition or in an affidavit] support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

3.6 It is facially apparent from the State Court Action that Plaintiff's claims likely exceed $75,000.00. The State Court Action contains the following allegations:

   a. Decedent [James Michael] Hess worked for approximately twenty-nine years at the CP&L Roxboro, North Carolina facility…[and] frequently and regularly worked with, on, or in the close proximity of various other asbestos-containing products for which the Defendant is responsible.[3]

   b. As a result of developing mesothelioma, [Decedent James Michael Hess] endured physical pain and suffering, disability, mental anguish,

---

[3] Exhibit, ¶ 11, ¶ 12

      emotional pain and suffering, loss of enjoyment of life, and medical expenses.[4]

   c. Defendant [is] liable for the fraudulent, oppressive, and malicious acts…as set forth herein…Plaintiff…seeks punitive damages according to proof.[5]

   d. …Decedent's daughter and Plaintiff Amy Michelle H. Fox has suffered pecuniary loss, including but not by way of limitation, loss of affection, society, comfort, support, consortium, companionship, and the protection of her father.[6]

     3.7    Plaintiff seeks general and special damages including punitive damages; physical pain and mental anguish sustained by Decedent in the past; past disfigurement suffered by Decedent; physical impairment sustained by Decedent in the past; medical expenses incurred by Decedent in the past; Decedent's lost earning capacity sustained in the past; loss of consortium sustained by Plaintiff in the past; loss of consortium that in reasonable probability Plaintiff will sustain in the future; and any and all other recoverable personal injury, survival, and/or wrongful death damages for Plaintiff and heirs.[7] These are the exact types of claims and alleged injuries that Texas District Courts and the Fifth Circuit Court of Appeals have held satisfies the "facially apparent" standard. *See In re Silica Prods. Liab. Litig.*, 398 F.Supp.2d 563, 646-47 (S.D. Tex. 2005) (addressing that complaints filed in the MDL courts do not always include specific monetary demands and concluding that the types of alleged injuries pled in the plaintiffs' complaint, including, *inter alia*, severe lung impairment, past and future medical expenses, pain and suffering, physical impairment, loss of consortium, and exemplary damages were the types of injuries the Fifth Circuit relies upon to show the amount in controversy is satisfied) (referencing *Gebbia*, 233 F.3d at 883); *YNR LLC Series O v. State Farm Lloyds, Inc.*, EP-17-CV-313-DB, 2017 LEXIS 202095, at *6 (W.D. Tex. Dec. 6, 2017)

---

[4] Ex. A, ¶ 24
[5] Ex. A, ¶ 43, ¶ 44
[6] Ex. A, ¶ 88
[7] Ex. A, ¶ 89

(mem. op.) (stating the court finds the jurisdictional amount is measured by the value of the underlying claim).

    3.8    By way of comparison, the Fifth Circuit has found that it was facially apparent that the plaintiffs' claims exceeded the minimum jurisdictional amount in a number of cases.  *See Gebbia*, 233 F.3d at 883 (holding it was facially apparent from plaintiff's complaint alleging she sustained personal injuries to her knee, lower back, and patella as a result of her slip and fall at defendant's grocery stores that amount in controversy exceeded $75,000.00); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that, based on the face of the complaint, the plaintiffs' claims for wrongful death exceeded the jurisdictional minimum); *Hernandez v. USA Hosts Ltd.*, 418 Fed. Appx. 293, 294-96 (5th Cir. 2011) (unpublished) (per curiam) (holding it was facially apparent from plaintiff's pleadings that amount in controversy exceeded $75,000, when plaintiff alleged injuries and damages resulting from her fall while exiting a shuttle bus); *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 67 (5th Cir. 2010) (unpublished) (per curiam) (holding it was facially apparent from the plaintiffs' complaint that each plaintiff's claim for wrongful death exceeded $75,000 amount in controversy, when the plaintiffs, the decedent's children, sought damages for their mental pain and anguish) (citing *Luckett*, 171 F.3d at 298 (holding plaintiff's claims exceeded $75,000 amount in controversy requirement based on the face of a complaint alleging plaintiff sustained personal injuries as a result of the defendant airline losing her luggage which contained her medication)); *see also Moore v. Gladiator Events, LLC*, No. 3:15-CV-01877-M, 2015 LEXIS 123184, at *11 (N.D. Tex. Sept. 15, 2015) (citing *Salazar v. Downey*, No. 3:12-CV-2656-M, 2012 LEXIS 158423, at *6 (N.D. Tex. Nov. 5, 2012); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284-85 (5th Cir. 2001) (holding that when "determining the amount in controversy, the Court can consider items for which [a defendant] can be liable under state law, including attorney's fees…")); *see also Watson v. Shell Oil Co.*, 979 F.2d 1014, 1021 (5th Cir. 1992)

Case 3:18-cv-01183-N Document 1 Filed 05/09/18 Page 6 of 8 PageID 6

(stating that when a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy).

3.9     Based on the face of Plaintiff's pleadings in the State Court Action seeking recovery for an alleged asbestos-related disease, the amount in controversy exceeds $75,000, excluding interests and costs.  28 U.S.C. §1332; *see Luckett*, 171 F.3d at 298.  Removal is therefore proper. *Id.*

### IV.     OTHER PROCEDURAL REQUIREMENTS

4.1     EECI files this Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division, which is the district and division within which the State Court Action was pending.  *See* 28 U.S.C. §1441(a), §124(a)(2).

4.2     Because no other defendant has been named or served, removal of the State Court Action is not precluded by 28 U.S.C. §1441(b).  *See, e.g., Carrs v. AVCO Corp.*, No. 3:11-CV-3423-L, 2012 LEXIS 74562, at *5-9 (N.D. Tex. May 30, 2012); *Davis v. Cash*, No. 3:01-CV-1037-H, 2001 LEXIS 15546, at *6-7 (N. D. Tex. Sept. 27, 2001); *Ott v. Consol. Freightways Corp.*, 213 F.Supp.2d 662, 666 (S.D. Miss. 2002).

4.3     Further, as no other defendant has been named or served, no consent is required to remove the State Court Action pursuant to 28 U.S.C. §1446(b).  *See, e.g., Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) ("Notably, even when removal is effected pursuant to §1441, only co-defendants who have been 'properly joined *and served*' must join in or consent to the removal." (quoting 28 U.S.C. §1446(b)(2)(A))).

4.4     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. §1446(d).

4.5     EECI will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Dallas County, Texas, where the State Court Action was pending, as required by 28 U.S.C. §1446(d).

4.6     By removing this action to this Court, EECI expressly reserves and does not waive any defenses, objections, or motions under state or federal law.

4.7     EECI reserves the right to amend or supplement this Notice of Removal.

4.8     Moreover, in accordance with Local Rule, this Notice of Removal is accompanied by the following documents:

   a. An index and copies of all documents filed, orders signed, and citations executed in the State Court Action (Exhibit B);

   b. A copy of the docket sheet in the State Court Action (Exhibit C); and

   c. Certificate of Interested Persons (Exhibit D).

## V.     CONCLUSION & PRAYER

**WHEREFORE, PREMISES CONSIDERED,** having established all of the prerequisites for removal under 28 U.S.C. §1441 and §1446, including all jurisdictional requirements rendering removal is proper pursuant to 28 U.S.C. §1332, Defendant EECI prays it may affect the removal of this action from the District Court of Dallas County, Texas to the Northern District of Texas, Dallas Division, and for any such other and further relief to which it may show itself justly entitled, either general or specific, at law or in equity.

Respectfully submitted,

**HAWKINS PARNELL**
    **THACKSTON & YOUNG LLP**
Highland Park Place
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
(214) 780-5100
(214) 780-5200 Fax

By:    */s/ Edward M. Slaughter*
       **Edward M. Slaughter**
       State Bar No. 24015112
       eslaughter@hptylaw.com
       **H. Barret Marshall, Jr.**
       State Bar No. 24050991
       bmarshall@hptylaw.com
       **P. Saxon Guerriere**
       State Bar No. 24078603
       sguerriere@hptylaw.com
       **Jadyn C. Cleveland**
       State Bar No. 24097508
       jcleveland@hptylaw.com

**ATTORNEYS FOR DEFENDANT EECI, INC. F/K/A ENSERCH E&C, INC., AS SUCCESSOR-IN-INTEREST TO EBASCO SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2018, a true and correct copy of the above and foregoing instrument has been electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Lisa White Shirley
Sabrina G. Stone
DEAN OMAR & BRANHAM, LLP
302 N. Market Street, Suite 300
Dallas, Texas 75202

       */s/ Edward M. Slaughter*
       **Edward M. Slaughter**